OPINION
Defendant-appellant Jerry Vaughn appeals the July 10, 1997 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 1, 1993, the Stark County Grand Jury secretly indicted appellant on two counts of rape pursuant to R.C. 2907.02, and four counts of gross sexual imposition pursuant to R.C.2907.05. The trial court permitted the State to amend the two rape counts to two counts of sexual battery pursuant to R.C.2907.03(5). Appellant pled guilty to the amended indictment. The trial court sentenced appellant to two years incarceration on each of the six counts, and ordered the terms be served consecutively. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, the Warden of the Pickaway Correctional Institution, the institution in which appellant is incarcerated, filed an H.B. 180 screening form recommending appellant be adjudicated a sexual predator. The trial court scheduled a hearing for July 9, 1997.
On July 9, 1997, appellant's counsel filed motions to dismiss on ex post facto and retroactivity grounds, and double jeopardy grounds; a motion to have H.B. 180 declared unconstitutionally vague; and a motion for the disclosure of information. Each motion to dismiss was overruled in the court's July 10, 1997 Judgment Entry. The motion for disclosure of information was overruled in the court's July 11, 1997 Judgment Entry.
Appellant's counsel also moved to continue the hearing until such time in the future when appellant might avail himself of sexual offender programs offered at the institution. Appellant's counsel argued because one factor the trial court must consider when making a sexual predator determination is the likelihood to re-offend, the trial court would deny appellant due process by holding the hearing before appellant had the opportunity to participate in a sexual offender program.
The trial court noted appellant had been in prison for at least three years on the date of the hearing and had yet to complete or participate in a sex offender program. Appellant's counsel explained appellant had signed up for the program, but the waiting list was extremely long. Further, if appellant had any conduct problems, he would be bumped to the back of the list. The trial court denied the motion for a continuance and proceeded with the hearing.
Appellee presented State's Exhibit Number 1, which included the judgment entry, the indictment, the plea form, and the narrative supplement prepared by the Stark County Sheriff's Department. The State made no further argument. Counsel for appellant did not present evidence.
The trial court noted appellant had admitted victimizing eleven individuals over an extensive period of time. The trial court then took the matter under advisement. Via Judgment Entry dated July 10, 1997, the trial court adjudicated appellant a sexual predator. It is from this judgment entry appellant prosecutes this appeal raising the following assignments of error:
 I. WHERE THE COURT HOLDS THAT EX POST FACTO APPLICATION OF A PUNITIVE STATUTE IS ACCEPTABLE, THE DEFENDANT'S RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS ARE VIOLATED.
 II. WHERE THE COURT ALLOWS THE RETROACTIVE APPLICATION OF A STATUE, THE DEFENDANT'S RIGHTS UNDER THE OHIO CONSTITUTION ARE VIOLATED.
 III. WHERE THE COURT ALLOWS A DEFENDANT TO BE PUNISHED TWICE FOR THE SAME OFFENSE, THE DEFENDANT'S RIGHTS TO BE FREE FROM DOUBLE JEOPARDY UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 IV. WHERE THE COURT FAILS TO BAR APPLICATION OF AN UNCONSTITUTIONALLY VAGUE STATUTE TO A DEFENDANT, THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AND THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 V. WHERE A COURT DENIES A REASONABLE REQUEST FOR A CONTINUANCE OF A H.B. 180 CLASSICATION (SIC) HEARING TO ALLOW PROCUMENT (SIC) OF EVIDENCE RELATED TO STATUTORY FACTORS, THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 VI. WHERE A COURT CLASSIFIES A DEFENDANT AS A SEXUAL PREDATOR WITHOUT A SHOWING OF CLEAR AND CONVINCING EVIDENCE, THE DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 I, II, III, IV AND V
Appellant's first, second, third, fourth and fifth assignments are overruled on the authority of State v. Nosic
(February 1, 1999), Stark, App. No. 1997CA00248, unreported; andState v. Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported.
 VI
In his sixth assignment of error, appellant argues the trial court's adjudication of him as a sexual predator was not supported by clear and convincing evidence. Appellant submits simply proving conviction of a sex offense does not automatically establish the likelihood to re-offend.
We are not the fact finders; we neither weigh the evidence nor judge the credibility of the witnesses. Rather, this Court must determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758, unreported. Accordingly, judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. V. Foley Constr. (1978), 54 Ohio St.2d 279.
In its July 10, 1997 Judgment Entry, the trial court stated:
 * * * The Court has reviewed the information provided to the Court as part of the hearing in this matter, and the Court finds that by clear and convincing evidence that the Defendant is clearly a sexual predator. The Court finds that the Defendant had multiple victims. Among the victims were numerous children of a tender age with the Defendant being an adult during this victimization. In fact, the Defendant disclosed approximately eleven (11) victims since the time he was seventeen years of age. Further, the actions involved herein took place over a long course of time which shows that the Defendant clearly has a predator mentality and that he has continued to repeat on a continued basis throughout the course of his life.* * *
Appellant admitted using his affiliation with a community church and a community service organization to prey upon children for his own gratification. This behavior, which lasted more than ten years, included molestations of eleven individuals, each of whom appellant molested repeatedly. Further, the victims were almost exclusively children under the age of thirteen. As the trial court noted, this behavior falls squarely within the factors enumerated in R.C. 2950.09(B).
We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent, credible evidence, and is not against the manifest weight of the evidence.
Appellant's sixth assignment of error is overruled.
Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur
______________________________
______________________________
 ______________________________ JUDGES
WBH/KM203
JUDGMENT ENTRY
CASE NO. 1997CA00269
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
_________________________________
_________________________________
 _________________________________ JUDGES